## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE THOMAS, | : | CIVIL NO: 1:15-CV-0163 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| LAUREL HARRY, KENNETH | : | |
| KYLER, GERALD ROZUM, | : | |
| LILLIAN BLOOM, GREGORY | : | |
| SCHENK, EDWARD MULLIGAN and | : | |
| EMPLOYEE DOES 1-5, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM
May 10, 2016

### I.      Introduction.

Tyrone Thomas ("Thomas"), the plaintiff in this case, has failed to provide

discovery to the defendants and to comply with a court order.  For the reasons that

follow, this case will be dismissed pursuant to Fed. R. Civ. P. 41(b) for Thomas's

failure to prosecute.

### II.      Factual Background and Procedural History.

Thomas commenced this 42 U.S.C. § 1983 case by filing a complaint on

January 23, 2015.  The complaint alleges that the defendants violated Thomas's

constitutional rights by impermissibly detaining him beyond his maximum

incarceration date. *Doc. 1* at 5-7. In their preliminary disclosures, the defendants

adduced documentation showing that Thomas's maximum incarceration date had

been properly adjusted by the judge that had calculated the original date. *Doc. 25*

at 4. Recognizing that the claim had been rendered meritless, Thomas's retained

counsel withdrew in November of 2015. *Doc. 25* at 4. Undaunted, Thomas

decided to continue *pro se*.

On January 7, 2016, the defendants sent Thomas a request for admissions.

*Doc. 34* at 13. To date, Thomas has not responded to the defendants' request. In

February, this Court ordered Thomas to show cause why the request for admissions

should not be deemed admitted and why judgment should not be entered in favor

of the defendants. *Doc. 35*. Thomas has not complied with that order and we

conclude that an assessment of the *Poulis* factors weighs heavily in favor of

dismissing this action.

## III.   Discussion.

### A. Consideration of the *Poulis* Factors Warrants Dismissal of this Case.

The question whether to dismiss Thomas's case comes before this Court *sua*

*sponte*. "The authority of a federal trial court to dismiss a plaintiff's action with

prejudice because of his failure to prosecute cannot seriously be doubted." *Link v.*

*Wabash R. Co.*, 370 U.S. 626, 629 (1962). While Fed. R. Civ. P. 41(b) authorizes

defendants to move for dismissal once a plaintiff "fails to prosecute or to comply

with . . . a court order," the rule does not restrict a court's "inherent power" to dismiss. *Id.* at 630-31. Nonetheless, dismissal is a drastic sanction and "should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir. 1982). The need for caution is especially acute where, as here, the court acts on its own motion. *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008).

Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the Court and will not be disturbed absent an abuse of that discretion. *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002). Yet, the Court's discretion is not unlimited and the Third Circuit has prescribed factors to guide the decision-making process. Commonly known as *Poulis* factors, the Court must balance the following considerations when deciding whether to dismiss a case:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). The *Poulis* factors, while instructive, do not establish a "magic formula" whereby decisions to dismiss become matters of easy calculation. *Mindek v. Rigatti*, 964

3

F.2d 1369, 1373 (3d Cir. 1992).  In fact, no single element is dispositive, *Briscoe*, 538 F.3d at 263, and each factor need not be satisfied for the court to dismiss an action.  *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir. 2003).  Nonetheless, an assessment of the *Poulis* factors supports our decision to dismiss this action.

    *Poulis* first requires that we consider the extent of the party's personal responsibility.  The issues with this case began after Thomas's counsel withdrew and Thomas decided to press on as a *pro se* litigant.  Thomas, however, has not taken any action to litigate his case since his counsel's withdrawal in November of 2015.  He has neglected various aspects of this case, including the obligation to keep the Court informed of his mailing address.  Thomas has most notably failed to answer the defendants' discovery request.  He has also remained indifferent toward this Court's order, opting instead to disregard it with silence.  Once Thomas undertook the task of representing himself, he also accepted the commitment to move his case forward.  But, Thomas has not adequately discharged this duty and the full weight of responsibility for the failure to do so rests with nobody but him.

    The second *Poulis* factor is prejudice to the adversary.  Examples of prejudice are "the irretrievable loss of evidence, the inevitable dimming of witness' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party."  *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984).

4

However, prejudice for purposes of the *Poulis* analysis does not mean irremediable harm. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). "[T]he burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Id.* In this case, Thomas has not responded to the defendants' request for admissions despite having had more than two months to do so. The resulting unfairness to the defendants is particularly severe because their request for admissions went to the very merits of Thomas's case. Thomas also failed to comply with this Court's order that required him to, among other things, address the defendants' discovery request. Thomas's continued unresponsiveness and failures to comply with court orders frustrate resolution of this case. The defendants, deprived of an opportunity to ascertain the exact areas of disagreement, are unable to sufficiently prepare for trial and so have been prejudiced by Thomas's obstructions.

The third factor to be weighed is Thomas's history of dilatoriness. A "party's problematic acts must be evaluated in light of [his or her] behavior over the life of the case." *Adams v. Trs. Of N.J. Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 875 (3d Cir. 1994). While "conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness,'" *Briscoe*, 538 F.3d at 261, "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories or consistent tardiness in

complying with court orders." *Adams*, 29 F.3d at 874.  The defendants in this case have waited two months for Thomas to proffer any reply to their request for admissions.  Surely any hopes for a response have been dashed by Thomas's unrelenting silence in the face of this Court's order.  Of course, we cannot ignore the fact that Thomas has long been delinquent, failing since November 2015 to perform a single task that would move his case forward.  Thomas could have explained his delays by responding to the Court's order but, as with so many other aspects of this case, this opportunity withered for want of attention.

The fourth *Poulis* factor is whether the conduct has been willful or in bad faith.  "Willfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 875.  In this case, Thomas has not responded to the defendants' discovery request.  Thomas has remained taciturn despite a court order mandating that he address the request and show cause why the request for admissions should not be deemed admitted.  To date, Thomas's sole communication with the Court has been a phone message in which Thomas stated that he would no longer pursue his case. The totality of the circumstances creates a strong inference that Thomas has willfully abandoned this case.

The fifth factor requires the Court to consider the effectiveness of alternative sanctions.  Dismissal is a sanction of last resort, and it is incumbent upon a court to explore the effectiveness of lesser sanctions before ordering dismissal. *Poulis*, 747

F.2d at 868.  Monetary sanctions would likely be ineffective in this case.  Thomas is a *pro se* litigant, and there is no reason to believe that he would be able to pay, for instance, a levy of attorney's fees and costs.  Moreover, Thomas's failure to keep the Court informed of his address and his ongoing disregard of the case, including a court order, suggest that any sanction short of dismissal would be unproductive.

The sixth and final *Poulis* factor is the meritoriousness of the claim.  A claim will be deemed meritorious when the allegations of the complaint, if established at trial, would support recovery.  *Poulis*, 747 F.2d at 870.  There is no question that Thomas would be entitled to some recovery if trial confirmed the claims set out in his complaint.  However, the defendants have produced formidable evidence that seemingly erodes the merits of Thomas's claim.  Even if we were to ignore the defendants' information, consideration of this factor alone would not overcome the weight of the other reasons in favor of dismissal.

After considering and weighing all the *Poulis* factors, and given Thomas's repeated failures to comply with his duties as a litigant, we conclude that dismissal is proper under Rule 41 of the Federal Rules of Civil Procedure.

## IV.    Conclusion.

Accordingly, for the foregoing reasons, Thomas's case will be dismissed pursuant to Fed. R. Civ. P. 41(b) for Thomas's failure to prosecute.  As such, the defendants' motion for rule absolute (*doc. 36*) will be denied as moot.   An appropriate dismissal order shall issue.


<u>**S/Susan E. Schwab**</u>
Susan E. Schwab
United States Magistrate Judge